**Terry Ann BRYANT, Petitioner—Appellant,**

v.

**Derrel G. ADAMS, Warden, Defendant—Appellee.**

No. 01–55835.

D.C. No. CV–00–03245–JSL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2003.\*

Decided Dec. 17, 2003.

William S. Harris, Stewart & Harris, South Pasadena, CA, Terry Ann Bryant, Chowchilla, CA, for Petitioner–Appellant.

Corey J. Robins, AGCA–Office of the California, Attorney General (LA), Los Angeles, CA, for Defendant–Appellee.

Before KOZINSKI, NOONAN, Circuit Judges, and SCHWARZER,\*\* Senior United States District Judge.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable William W Schwarzer, Senior United States District Judge, for the Northern District of California, sitting by designation.

MEMORANDUM***

Terry Ann Bryant appeals the district court's denial of her 28 U.S.C. § 2254 petition challenging her sentence of 25–years–to–life for petty theft with a prior conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Bryant contends that her sentence of 25–years–to–life under the California three-strikes law, Cal.Penal Code § 667, constitutes cruel and unusual punishment in violation of the Eighth Amendment. This claim is foreclosed by the Supreme Court's decisions in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1173–74, 155 L.Ed.2d 144 (2003) (holding that a state court's decision affirming petitioner's sentence of two consecutive terms of 25–years–to–life under the three-strikes law was not contrary to, or an unreasonable application of, clearly established Supreme Court law) and *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (holding that petitioner's 25–years–to–life sentence under the three-strikes law did not violate the Eighth Amendment's prohibition against cruel and unusual punishment).

Bryant has made no showing that the California three-strikes law fails to give notice to individuals that the conduct they engage in is forbidden by statute. *See Colautti v. Franklin*, 439 U.S. 379, 390, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979). The three-strikes law clearly provides that the penalty for committing a felony with two prior serious felony convictions is a sentence of at least 25–years–to–life.

Although Bryant's sentence is severe, we cannot say that it violates clearly established Federal law.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.